The opinion of the Court was delivered by
MuNeo, J.
The point made by the defendant’s third' ground in arrest of judgment is, that the allegations in the process, assuming them to be true, do not entitle the plaintiff to recover the forfeiture prescribed by the fifth section of the Act of 1839.
The-allegations in the process are, “that defendant at, &c., on the day of June, 1857, did beat and bruise, a slave fiamed Henry, the property of the plaintiff, then and there quietly and peaceably being in the possession of N. McEvoy, the bailee of your petitioner,” &c.
The portion of the fifth section of the Act of 1839, upon which the action is founded, is in these words — “ If any white man shall beat or. abuse any slave, quietly and peaeeably *507 being in bis master’s plantation, or found anywhere without the same with a lawful ticket, he shall forfeit the sum of fifty dollars, to be recovered by the owner, and to his use, by action of debt, besides being liable to the owner in an action of trespass for damages.”
The proof was, that at the time the alleged trespass was committed, the plaintiff resided in Abbeville District, and had intrusted his slave to the $are and keeping of N. McEvoy, a boot-maker, at Edgefield, as an apprentice.
Eor the outrage committed by the defendant, in entering the premises of the bailee, it is clear, that an action of trespass, either by the bailee, or by the owner of the slave upon his constructive possession, was the only remedy. Eor it is manifest that the cumulative remedy in question, is, by the express terms of the Act, restricted to cases only, where the beating or abuse of the slave is inflicted, either while he is peaceably and quietly within his master’s plantation; or is without the same, but with a lawful ticket.
The defendant’s motion in arrest of judgment, is therefore granted.
O’NEALL, WARDLAW, WITHERS, Whither and Glover, JJ., concurred.
Motion granted.